**John HARRIS, By and Thorough His Attorney In Fact, David HARRIS, Appellant,**

v.

**THE SPIRES COUNCIL OF CO–OWNERS, Appellee.**

No. 01–97–01081–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 12, 1998.

John H. McFarland, Carl Wimberley, Houston, for Appellant.

Fred Lee Butler, Houston, for Appellee.

Before Justices O'CONNOR, TAFT, and SMITH.*

## OPINION

TIM TAFT, Justice.

Appellant, John Harris, appeals a summary judgment entered in favor of appellee, The Spires Council of Co–Owners (the Spires). We address (1) whether the summary judgment evidence before the trial court supported the rendition of summary judgment in favor of the Spires on John's negligence and negligent misrepresentation causes of action, and (2) whether the relationship between the parties gave rise to a fiduciary duty. We affirm in part and reverse and remand in part.

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Prudencio's relatives were also employees of the Spires.

2. An attorney in fact is:

## Facts

The Spires is a managed high-rise condominium development. Each condominium owner has an ownership interest in the association that manages the common areas. The association employed Houshiar Moarefi as the managing agent of the Spires, beginning in 1989. Moarefi is charged with running the day-to-day operations of the Spires, and reports directly to the board of directors.

John Harris and his wife, Geneva, moved to the Spires in 1988. In the summer of 1992, Mr. and Mrs. Harris began experiencing health problems and found it necessary to seek assistance with their daily affairs. The Harrises hired Martha Prudencio, a former employee of the Spires, to assist them. Prudencio was previously employed by the Spires as a housekeeper for the common areas of the condominium until 1990, but continued to work for several residents of the Spires on an independent contract basis. After Geneva passed away in January 1993, John continued living at the Spires with Prudencio's assistance.

John was diagnosed with Alzheimer's disease in July 1994. Late in 1994, David Harris, John's son, received a call from a Toyota dealership concerning a guaranty John had executed to assist Prudencio in leasing a car. David became concerned about his father's finances after he reviewed them and discovered John had signed approximately $90,000 in checks made payable to Prudencio, to Prudencio's relatives,[1] or to cash.

On September 16, 1994, John executed a notarized affidavit stating that several of the disbursements to Prudencio were made in recognition of her loyalty to John and Geneva, and that Geneva had asked him to take care of Prudencio after Geneva's death. On October 31, 1994, John executed a general power of attorney which appointed his sons, David and Rodney, as his attorneys in fact.[2]

A private attorney authorized by another to act in his place and stead, either for some particular purpose, as to do a particular act, or for the transaction of business in general, not of a legal character. This authority is conferred by an instrument in writing, called a " 'letter of

David, as attorney in fact for his father, sued the Spires alleging negligence, negligent misrepresentation or omission, and breach of fiduciary duty. The petition alleged that the Spires recommended Prudencio to the Harrises, and that the Spires failed to inform the Harrises that Prudencio had been fired by the Spires under suspicion of theft. On July 7, 1997, the Spires moved for summary judgment on the ground that it owed no duty to John, and, therefore, his causes of action must fail as a matter of law. The trial court granted this motion on August 15, 1997.

### Issues Presented

John presents four issues for review:

(1) Whether the Spires owed a duty of ordinary care to John Harris, and whether that duty was breached when the Spires recommended that John Harris hire a former employee that it had fired for stealing or when it failed to relay that special knowledge to John Harris.

(2) Whether the Spires owed a fiduciary duty to John Harris, and whether that duty was breached when the Spires recommended that John Harris hire a former employee that it had fired for stealing or when it failed to relay that special knowledge to John Harris.

(3) Whether the trial court could determine, as a matter of law, if the underlying facts of this case created a duty by and between the Spires and John Harris.

(4) Whether the summary judgment evidence offered by the Spires is competent and sufficient to defeat John Harris's causes of action under the summary judgment standard in effect on August 15, 1997.

### Summary Judgment

The standard for appellate review of a summary judgment is well established:

(1) the movant has the burden of showing that there is no genuine issue of mate-

attorney,' or more commonly, a 'power of attorney.' "

rial fact and that it is entitled to judgment as a matter of law;

(2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant must be taken as true; and

(3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

### A. Negligence and Negligent Misrepresentation or Omission

■ In John's first issue, he argues the Spires breached a duty of ordinary care to John Harris. The common law doctrine of negligence consists of three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). The threshold inquiry in a negligence case is duty. *Id.* One who, in the absence of a pre-existing duty to act, nonetheless voluntarily enters upon an affirmative course of action affecting the interests of another is regarded as assuming a duty to act, and must do so with reasonable care. *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex.1983); *Yeager v. Drillers, Inc.*, 930 S.W.2d 112, 118 (Tex.App.—Houston [1st Dist.] 1996, no writ).

John argues that, by recommending Prudencio, the Spires assumed a duty of ordinary care towards him and breached that duty by failing to inform him that Prudencio had been suspected of stealing when the Spires terminated her. Therefore, if the Spires conclusively proved that it did not recommend Prudencio to John and Geneva, and John's summary judgment evidence failed to raise a fact issue on that point, the Spires was entitled to summary judgment on John's negligence claims.

In its motion for summary judgment, the Spires argued it did not recommend Prudencio to John and Geneva, and, therefore, no such duty arose. In support of its position,

BLACK'S LAW DICTIONARY 118 (5th ed.1979).

the Spires attached the affidavit of Moarefi, the managing agent of the Spires, in which he stated [3]:

> Neither The Spires Council of Co–Owners nor its employees recommended Martha Prudencio to John and Geneva Harris for employment.

■ In his response to the motion, John objected to Moarefi's affidavit on the ground that it contradicted his deposition testimony taken three weeks before the execution of his affidavit. In Moarefi's deposition testimony, he stated that when he initially spoke to David concerning John's finances, he questioned some of his employees, but was not able to confirm "100 percent" that one of them did not refer Prudencio to John and Geneva. To support a summary judgment, a party's evidence must be free from contradiction. *See* TEX.R. CIV. P. 166a(c). However, contrary to John's assertions, Moarefi's affidavit does not conflict with his earlier deposition testimony. Moarefi did not state in his deposition that the Spires recommended Prudencio; rather, he merely stated that *at the time he spoke with David* he was not able to confirm with certainty that no employee of the Spires had recommended Prudencio. This statement does not conflict with Moarefi's affidavit, executed approximately three years after the discussion referred to in his deposition, in which Moarefi attested to his personal knowledge that the Spires did not recommend Prudencio to John and Geneva.

■ On appeal, John raises two additional objections to the Moarefi affidavit that were not raised in the trial court. First, John contends that the affidavit is conclusory because the first paragraph of the affidavit contains the following statement: "I have personal knowledge of each of the facts *and opinions* recited herein, and all of those facts *and opinions* are true and correct" (emphasis added). Although John correctly points out that summary judgment affidavits must state facts and not opinions, this sentence does not alter the character of Moarefi's later statement that the Spires did not recommend Prudencio to John and Geneva. *See General Elec. Supply Co. v. Gulf Electroquip, Inc.,* 857 S.W.2d 591, 598 (Tex.App.—Houston [1st Dist.] 1993, writ denied). That statement is clearly one of fact, and is not phrased in terms of opinion.

■ John's second objection alleged that although Moarefi's affidavit states that he has personal knowledge of the facts recited therein, it fails to show how he acquired personal knowledge that the Spires did not recommend Prudencio to Mr. and Mrs. Harris. However, because the lack of personal knowledge of facts contained in an affidavit is a defect in form and not of substance, John waived any complaint on appeal by not objecting to the affidavit on this ground at trial. *See Rizkallah v. Conner,* 952 S.W.2d 580, 585 (Tex.App.—Houston [1st Dist.] 1997, no writ). We hold that Moarefi's affidavit was competent summary judgment proof, and that it sufficiently negated the duty element of John's negligence claims by clearly stating that neither the Spires nor its employees recommended Prudencio to Mr. and Mrs. Harris. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex. 1979) (defendant may prevail on its motion for summary judgment if it establishes no genuine issue of fact exists as to one of the essential elements of plaintiff's cause of action).

■ Because the Spires succeeded in negating the linchpin of John's duty argument, we now consider whether John's responsive summary judgment evidence raised a fact question on the element of duty. *See Wheeler v. Yettie Kersting Mem'l Hosp.,* 866 S.W.2d 32, 36 (Tex.App.—Houston [1st Dist.] 1993, no writ) (to preclude summary judgment, non movant must raise fact issue on element of cause of action successfully negated by movant). John's only responsive evidence refuting Moarefi's affidavit was the affidavit of David Harris, which stated in pertinent part [4]:

---

3. The Spires also included as summary judgment evidence (1) the deposition testimony of Moarefi and (2) John Harris's affidavit explaining the nature of the payments made to Prudencio.

4. John also included as summary judgment evidence (1) the power of attorney executed by John, and (2) the affidavit of the individual who notarized the power of attorney. On the day of

From about 1988 to 1995, John Harris (my father) and his wife Geneva Harris (my mother) were owners and residents of The Spires. During that time, my parents needed some assistance with their daily affairs, and notified The Spires of that need. Thereafter, The Spires recommended Martha Prudencio ("Prudencio"), one of its former employees.

(emphasis added).

■ In its reply to John's response, the Spires objected to David's affidavit on the grounds that the statements contained in it were based upon hearsay, supposition, and assumption, and the Spires repeats those objections on appeal. However, the Spires did not obtain a written ruling on its objections from the trial court. Because the objections relate to the form and not the substance of David's affidavit, the Spires waived these objections on appeal. *See Eads v. American Bank, N.A.*, 843 S.W.2d 208, 211 (Tex.App.—Waco 1992, no writ) (holding that summary judgment movant waived form objection to affidavit by not obtaining written ruling from trial court based on rationale that review of summary judgments must be conducted on evidence considered by the trial court, not on what an appellate court speculates the trial court may have considered); *Wilson v. General Motors Acceptance Corp.*, 897 S.W.2d 818, 821–22 (Tex.App.—Houston [1st Dist.] 1994, no writ) (noting that hearsay in an affidavit is a defect in form). Therefore, we must review the propriety of the summary judgment in light of all the summary judgment evidence, including David's affidavit.

As previously stated, the linchpin of John's duty argument was that the Spires recommended Prudencio to Mr. and Mrs. Harris. As the movant for summary judgment, the

Spires successfully negated the duty element of John's negligence cause of action by presenting Moarefi's affidavit stating that the Spires *did not* recommend Prudencio to Mr. and Mrs. Harris. However, John's statement in his affidavit that the Spires *did* recommend Prudencio directly controverted Moarefi's affidavit, and, therefore, raised a fact issue concerning the duty element of John's cause of action. Accordingly, the trial court improperly granted summary judgment to the Spires on John's negligence and negligent misrepresentation causes of action.

We sustain John's argument presented in his first issue for review.[5]

### B. Breach of Fiduciary Duty

■ In John's second issue, he argues the Spires owed and breached a fiduciary duty to him. The Property Code recognizes that each officer or member of a condominium board is liable as a fiduciary of the unit owners for the officers' or members' acts or omissions. *See* TEX. PROP.CODE ANN. § 82.103(a) (Vernon 1995). The officers and members must fulfill the duties owed to the unit owners with reasonable care, diligence, good faith, and judgment. *See* RESTATEMENT (SECOND) OF AGENCY § 401 (1958). A fiduciary duty may also arise by contract or in the context of an informal moral, social, domestic, or personal relationship in which one person trusts or relies on another. *See Crim Truck & Tractor Co. v. Navistar Int'l.*, 823 S.W.2d 591, 594 (Tex.1992).

Only one reported case has addressed a contractual fiduciary duty owed by a condominium association to its owners. *See Sassen v. Tanglegrove Townhouse Condominium Ass'n*, 877 S.W.2d 489, 492 (Tex.App.—Texarkana 1994, writ denied). Sassen sued

---

the summary judgment hearing, John filed an affidavit by Janice Crow. In her affidavit, Crow stated that, during a meeting between David, Moarefi, and Crow, Moarefi interviewed Manuel Puente, Jr., the concierge of the Spires. According to Crow, Puente admitted that he had recommended that Mr. and Mrs. Harris hire Prudencio. However, because this affidavit was filed within seven days of the hearing date, and no evidence of leave of court appears in the record, we must presume that the trial court did not consider the affidavit. *See Griffin v. Baylor Col-*

*lege of Med.*, 945 S.W.2d 158, 159 (Tex.App.—Houston [1st Dist.] 1997, no writ).

5. In his third and fourth issues for review, John argues that (1) a jury, not the court, should determine whether the facts give rise to a duty and (2) the summary judgment proof offered by the Spires does not support summary judgment. Because we sustain John's arguments concerning the propriety of summary judgment on his negligence and negligent misrepresentation causes of action, we do not separately address these issues.

his condominium association for breach of fiduciary duty when it insisted on using its own contractor to repair Sassen's fire-damaged unit, and refused to allow her to make her own repairs after she complained of the work done by the association's contractor. *Id.* at 490–91. The Texarkana Court of Appeals recognized that the condominium declarations granted exclusive authority to the association to contract for and conduct repairs to the individual units. *Id.* at 491–92. The *Sassen* court then concluded that the association, as Sassen's agent, breached its fiduciary duty to her, based on the jury's having determined the association acted arbitrarily and capriciously in repairing Sassen's condominium. *Id.* at 492–93.

In its motion for summary judgment, the Spires argued that *Sassen* was distinguishable because the declarations of the Spires, which were attached as summary judgment evidence, did not grant the association the exclusive authority to contract for or provide housekeeping services such as those Prudencio provided to Mr. and Mrs. Harris. The Spires maintained *Sassen* was fact specific and did not create a general fiduciary duty owed by an association to its members. *See Sassen,* 877 S.W.2d at 492–93. Furthermore, the Spires argued that although certain informal relationships might give rise to a fiduciary duty in the absence of a contract, no such duty arose in this case.

 As noted by the Spires, a fiduciary relationship is an extraordinary one that the law does not recognize lightly. *Stephanz v. Laird,* 846 S.W.2d 895, 901 (Tex.App.—Houston [1st Dist.] 1993, writ denied). That a person subjectively trusts another does not, without more, indicate that the person placed confidence in another in the sense demanded by a fiduciary relationship. *Id.* at 901–02. Something apart from the transaction between the parties is required. *Id.*

In his response to the motion and on appeal, John relies on *Sassen* for the proposition that a fiduciary duty may be imposed on an association in favor of its members. *See Sassen,* 877 S.W.2d at 492–93. John refers us to several excerpts from the declarations and by-laws of the Spires, stating they are similar to those in *Sassen* because they grant

the association exclusive control over condominium operations such as maintenance, repair, and administration. In *Sassen,* the court found that a fiduciary duty arose from the condominium's declarations in that they allowed the association to exercise exclusive control over the repair of individual units, and that the association acted arbitrarily and capriciously in its repair of Sassen's condominium. *Id.* The declarations of the Spires, however, do not grant the association the exclusive authority over the provision of household services or the hiring of personal assistants. Based on the parties' summary judgment arguments and evidence, we hold that no informal or confidential relationship existed between the association and John. As previously stated, fiduciary relationships are extraordinary. Because John presented no evidence to rebut evidence offered by the Spires that no such relationship existed, summary judgment was proper on John's breach of fiduciary duty claims. Therefore, we reject John's argument presented in his second issue for review. The Spires did not owe a fiduciary duty to John.

### Conclusion

We affirm that portion of the trial court's judgment concerning John's breach of fiduciary duty cause of action, but reverse and remand the issue of negligence and negligent misrepresentation to the trial court for further proceedings consistent with this opinion.

Justice O'CONNOR, dissenting.

O'CONNOR, Justice, dissenting.

I dissent from the panel's holding that the Spires Council of Co-Owners, as movant, waived its objections to the non-movant's summary judgment evidence because it did not obtain a ruling on its objections. I believe that it was not necessary for the Spires to obtain a separate ruling on his objections. *Cf. Salinas v. Rafati,* 948 S.W.2d 286, 288 (Tex.1997) (holding that a ruling granting one party's motion, which was the opposite of the other party's motion, "automatically" denied the other party's motion).

The purpose of filing of objections to summary judgment evidence is to inform the trial

court why it should grant or refuse to grant the motion for summary judgment. If the trial court believes objections to either party's summary judgment evidence are well-taken, the trial court will rule on the motion, not on the objections. When a trial court grants the motion for summary judgment, it necessarily sustains the objections filed by the movant and overrules those filed by the non-movant.

I recognize a number of cases from this and other courts of appeals have held that the objections to summary judgment procedure or evidence are waived if not overruled in the order granting the motion or in the summary judgment itself. I believe those cases are in error.

The requirement for a ruling on an objection to summary judgment evidence resurrects a procedure similar to one the Supreme Court rejected regarding requests for findings of fact. Under the procedure that pre-dated *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768 (Tex.1989), a party was required to "present" a request for findings of fact and conclusions of law to the trial judge and obtain the judge's signature on the request; if the party was unable to secure the judge's signature on the request, the request for findings was waived. In *Cherne*, the Supreme Court reversed a long line of cases that held that filing the request for findings was not sufficient to preserve error, that the request must be *presented* to the trial court for a signature before error was preserved. *Id.* at 770. The Court held that filing the request for findings was all that was required; requiring a party to present the request to the trial judge was "not justified by the plain language of the rule." *Id.* Similarly, nothing in Texas Rule of Civil Procedure 166a requires the parties to secure a ruling on their objections to the summary judgment evidence.

If it was ever necessary to obtain a ruling on objections to summary judgment evidence (which I doubt [1]), there is certainly no justification for it since the adoption of the new Texas Rules of Appellate Procedure. New Rule 33.1, which replaced former Rule 52, should make that quite clear. Rule 33.1 provides:

(a) In general. As prerequisite to presenting a complaint for appellate review, the record must show that:

* * *

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or *implicitly . . . .*

TEX. R. APP. P. 33.1(a)(1)-(2)(A) (emphasis added). By granting the motion for summary judgment, the trial court implicitly sustains the objections made by the movant and overrules those made by the non-movant.

Even former Rule of Appellate Procedure 52 did not require the movant to secure a ruling on its objection, only the non-movant was required to secure a ruling. The movant, as the prevailing party on appeal, was exempt from the requirement because Rule 52 provided that:

It is . . . necessary for the *complaining party* to secure a written ruling on objection to the other party's motion, response, or evidence.

TEX. R. APP. P. 52 (emphasis added) (rule repealed). Thus, the panel's holding is at odds with both current Rule 33.1 and former Rule 52.

In summary, I believe it is not necessary for the trial court to rule on the movant's objections to the motion for summary judgment.[2]

---

1. The Supreme Court issued the *Salinas* case in 1997, before the new Rules of Appellate Procedure were enacted, in September 1997. Thus, I do Not believe it was ever necessary to get a separate ruling on the objections.

2. For the same reasons, I do not believe it is necessary for the non-movant to obtain a ruling on its objections to the movant's motion for summary judgment. A number of courts, including ours, have held it is necessary. *See Washington*

v. Tyler ISD, 932 S.W.2d 686, 689 (Tex.App.—Tyler 1996, n.w.h.); *Roberts v. Friendswood Dev. Co.*, 886 S.W.2d 363, 365 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Fox Elec. Co. v. Tone Guard Sec., Inc.*, 861 S.W.2d 79, 81 (Tex. App.—Fort Worth 1993, no writ); *Hopkins v.* *Highlands Ins. Co.*, 838 S.W.2d 819, 822 (Tex. App.—El Paso 1992, no writ); *Williams v. Conroe ISD*, 809 S.W.2d 954, 957 (Tex.App.—Beaumont 1991, no writ); *Utilities Pipeline Co. v. American Petrofina Mktg.*, 760 S.W.2d 719, 723 (Tex.App.—Dallas 1988, no writ).