**Opinion issued November 5, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-15-00199-CV**

————————————

**WILFRIED P. SCHMITZ, Appellant**

**V.**

**JIMMY BRILL COX, Appellee**

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 14CV0246**

---

**MEMORANDUM OPINION**

Appellee, Jimmy Brill Cox, filed suit against appellant, Wilfried P. Schmitz, alleging defamation. Schmitz filed a motion to dismiss under Chapter 27 of the Texas Civil Practice and Remedies Code.[1] The trial court denied the motion, and

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a) (Vernon 2015).

Schmitz appealed. In one issue on appeal, Schmitz argues the trial court erred by failing to grant the motion to dismiss.

We affirm.

## Background

On November 13, 2014, Cox filed suit against Schmitz, alleging defamation. At the time the statements were made, Schmitz was campaigning to be elected a district court judge in Galveston County, Texas. Cox alleged in his petition that the defamatory statements originated from three sources: (1) a website purporting to be part of a political action committee but that actually is not part of a political action committee, (2) a Facebook page based on a fake persona, and (3) statements made by Schmitz to his election opponent. Cox alleged that Schmitz made, or caused to be made, the defamatory statements in each of these three sources.

For the defamatory statements made on the fake political action committee website, Cox alleged that the website asserted that Cox had been convicted of unlawfully carrying a weapon; had emotionally, physically, and verbally abused his ex-wife; was determined not to support his child; had filed multiple suits against his ex-wife in order to ruin her; was unstable; had repeatedly stalked his ex-wife; and had "launched an assault" on Schmitz, his campaign workers, and his campaign volunteers based on a vendetta against Schmitz. For the defamatory statements made on the Facebook page for a fake persona, Cox alleged that the

2

page asserted that Cox liked to spit in his ex-wife's face; had put his child in financial ruin; had lied about paying back child support obligations; and had been paid "under the table" to act as Schmitz's political opponent's attack dog. For the defamatory statements made by Schmitz to his political opponent, Cox alleged that Schmitz stated that Cox was crazy, was guilty of not supporting his child and of harassing his ex-wife, and had defaced one of Schmitz's campaign signs.

After answering, Schmitz filed a motion to dismiss pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code. Schmitz claimed that Cox's defamation claims related to Schmitz's exercise of his right of free speech and freedom of association. Schmitz attached one exhibit to his motion. The exhibit was a copy of Cox's original petition.

Cox filed a response to the motion to dismiss, detailing the allegedly defamatory statements. Among the exhibits attached to the response, Cox included printouts of the fake political action committee website and posts from the Facebook page for the fake persona. Cox also attached his affidavit, identifying Schmitz's statements about Cox made to Schmitz's political opponent.

The trial court held a hearing on the motion. At the hearing, Schmitz's attorney asserted, "Again, Mr. Schmitz vehemently denies ever publishing anything." The trial court did not rule on the motion during the hearing. Later, the motion was overruled by operation of law. Schmitz appealed.

**Standard of Review**

We review de novo a trial court's ruling on a motion to dismiss pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code. *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 80 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *Serafine v. Blunt*, 466 S.W.3d 352, 357 (Tex. App.—Austin 2015, no. pet.). Likewise, some matters under review concern matters of statutory interpretation, which we also review de novo. *See Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210, 213 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

**Motion to Dismiss**

In his sole issue, Schmitz argues the trial court erred by failing to grant the motion to dismiss. The motion was brought pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code. Under that chapter, "[i]f a legal action is based on, relates to, or is in response to a party's exercise of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a) (Vernon 2015). The movant bears the initial burden of "show[ing] by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." *Id.*

4

§ 27.005(b) (Vernon 2015). If the movant carries that burden, the burden shifts to the non-movant to "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). In reviewing the motion and response, the trial court "shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a) (Vernon 2015).

In his brief, Schmitz argues that he carried his burden of showing that Cox's claims fell within the scope of Chapter 27 and that Cox failed to establish prima facie evidence of each cause of action asserted against him. In his brief, Cox challenges both of these arguments.

Cox presents several arguments to the effect that Schmitz failed to carry his burden to establish that the claims asserted against Schmitz fall within the scope of Chapter 27. We do not need to resolve these issues, because even presuming that Schmitz carried this threshold burden to invoke Chapter 27, he nevertheless has failed to demonstrate on appeal that the trial court erred to the extent it found that Cox carried his burden of presenting clear and specific evidence of the prima facie elements of his defamation claims.

After the movant establishes that the claims against him fall within the scope of Chapter 27, the burden shifts to the non-movant to "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in

5

question." Id. § 27.005(c). In reviewing the motion and response, the trial court "shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a). While the requirement that prima facie proof be established by clear and specific evidence "demands more information about the underlying claim, the Act does not impose an elevated evidentiary standard or categorically reject circumstantial evidence." *In re Lipsky*, 460 S.W.3d 579, 591 (Tex. 2015). For a defamation claim, "pleadings and evidence that establishes the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist a TCPA motion to dismiss." *Id.*

The elements for a defamation claim are "(1) the publication of a . . . statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases." *Id.* at 593 (citing *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)). On appeal, Schmitz presents five claims for how Cox failed to carry his burden of establishing prima facie evidence for each essential element his defamation claims: (1) Cox's affidavit lacks "probative force," (2) the statements are substantially true, (3) the "gist" of the statements on the fake political action committee website was not "of and concerning" Cox, (4) the statements were rhetorical hyperbole, and (5) Cox has not proved actual damages.

6

## A.    Probative Force of Cox's Affidavit

Cox attached his affidavit to his response to the motion to dismiss.  This affidavit provides some of the evidence upon which Cox relies to establish the prima facie elements of his defamation claims.  Schmitz identifies a number of allegations in the affidavit that he asserts are deficient, claiming they lack factual support for how the facts were within Cox's knowledge.

Lack of personal knowledge of facts contained in an affidavit is a defect as to the form of the affidavit.  *Harris By & Through Harris v. Spires Council of Co-Owners*, 981 S.W.2d 892, 896 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *Clarendon Nat'l Ins. Co. v. Thompson*, 199 S.W.3d 482, 490 n.7 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  In order to preserve a complaint about the form of an affidavit, the complaining party must object and obtain a ruling.  *See Harris*, 981 S.W.2d at 896.  While he raised an objection to Cox's affidavit before the trial court, Schmitz did not object on the basis that the affidavit was not based on personal knowledge.  Moreover, the record does not reflect that Schmitz obtained a ruling on any objections to Cox's affidavit.  Accordingly, this issue has not been preserved for appeal.

## B.    Substantial Truth

Schmitz also argues that the statements made about Cox were substantially true.  But what Schmitz has failed to establish, either in the trial court or on appeal,

is that this was part of Cox's burden. For a private-individual defamation plaintiff against a non-media defendant, the falsity of the statement is generally presumed, and the truth of the statement is an affirmative defense that must be proved by the defendant. *See Randall's Food Mkts, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995); *Thomas-Smith v. Mackin*, 238 S.W.3d 503, 509 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 73.005(a) (Vernon 2011) ("The truth of the statement in the publication on which an action for libel is based is a defense to the action."). In contrast, if the plaintiff is a "limited-purpose public figure" the plaintiff carries the burden of proving that the statements were false. *See Vice v. Kasprzak*, 318 S.W.3d 1, 15 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

Schmitz essentially assumes that Cox was a limited-purpose public figure without presenting any factual record or substantive argument to support that proposition. To be a limited-purpose public figure (as opposed to a private individual), the record must show (1) there is a public issue "both in the sense that people are discussing it and people other than the immediate participants in the controversy are likely to feel the impact of its resolution," (2) the plaintiff has more than a trivial or tangential role in the issue, and (3) the alleged defamation is germane to the plaintiff's participation in the issue. *Neely v. Wilson*, 418 S.W.3d 52, 70 (Tex. 2013). It is "exceedingly rare" for an individual to become a public

8

figure involuntarily. *Id.* at 71 (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345, 94 S. Ct. 2997, 3009 (1974)). Instead, limited-purpose public figures are those that "have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved." *Gertz*, 418 U.S. at 345, 94 S. Ct. at 3009. Finally, "the allegedly defamatory statement cannot be what brought the plaintiff into the public sphere; otherwise, there would be no private figures defamed by media defendants." *Neely*, 418 S.W.3d at 71.

While the record reflects that the essential factual allegations underlying the defamation claims took place in the context of a political contest, the record is sparse and inconclusive about what Cox did, if anything, to affirmatively inject himself into the fray so as to earn limited-purpose public figure status. Schmitz's brief fails to explain it. If Cox is not a public figure, then falsity of the statement is not an essential element of Cox's claim. *See Lipsky*, 460 S.W.3d at 596 (holding only elements essential to plaintiff's claims are relevant to defeat Chapter 27 motion to dismiss); *Randall's Food Mkts*, 891 S.W.2d at 646 (holding, for private-individual defamation plaintiff against non-media defendant, falsity of statement is generally presumed and truth of statement is affirmative defense). Because Schmitz has failed to establish that falsity was an essential element of Cox's claim, it cannot be a basis for reversal. *See Arias v. Brookstone, L.P.*, 265 S.W.3d 459,

9

467 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("It is an appellant's burden to demonstrate reversible error.").

## C.    Gist of Statements

Next, Schmitz argues that the gist of the fake political action committee website was not about Cox but, instead, "about Democrats masquerading as Republicans."  Schmitz claims this means that the website was not "of and concerning" Cox and that, accordingly, Cox's claim for defamation based on statements on the website is not actionable.

For support for this argument, Schmitz relies on *Wheeler v. New Times, Inc.*, 49 S.W.3d 471 (Tex. App.—Dallas 2001, no pet.).  In *Wheeler*, a newspaper ran an article "critical of Dallas's urban rehabilitation efforts. The majority of the article [was] directed toward the City's improper demolition of certain properties." *Id.* at 475.  In criticizing a city board's failure to closely scrutinize certain individual, the article identified Wheeler as someone deserving closer scrutiny. *See id.*  Wheeler brought a defamation action, alleging that the article mischaracterized certain facts about him. *Id.*  The Dallas Court of Appeals rejected this argument, holding that a reader of ordinary intelligence would understand that the article indicated the city, not Wheeler, was responsible for the alleged improprieties. *Id.*

Contrary to Schmitz's claims, *Wheeler* has no application in this case.  Here, the website in question urged visitors to "Stop Battleground Texas Democrats in

10

Galveston County." Immediately below this heading, the home page identified Cox as one of the four individuals the website was criticizing. To that end, the website had an entire page (out of six pages that comprised the website) dedicated to its criticism of Cox. We hold a reader of reasonable intelligence would understand this website to be a direct criticism of Cox. The fact that other people were also directly criticized on this website does not mean that Cox cannot bring a defamation action for any defamatory statements asserted against him.

## D. Rhetorical Hyperbole

Schmitz asserts, "Cox complains about rhetorical hyperbole as describing him as a 'nut job' and potentially 'unstable.' These statements are protected statements of opinion, not actionable statements of fact." These statements are ones Cox alleges that Schmitz said directly to Schmitz's political opponent. The specific statements that Cox identifies are that Cox was "mentally unstable," was a "nut job," and had committed a crime by defacing a campaign sign for Schmitz. Another statement was that Schmitz was going to sue Cox for "back child support," indicating that Cox was defaulting on his child support obligations.

Purely subjective assertions or opinions that do not imply the existence of undisclosed facts and do not misconstrue the facts are not actionable as defamation. *See Bentley v. Bunton*, 94 S.W.3d 561, 581–82 (Tex. 2002). Instead, to be actionable as defamation, a statement must be an assertion of verifiable fact,

11

that is, a statement that purports to be verifiable. *See id.* at 583–84. The determination of whether a publication is an actionable statement of fact or a protected expression of opinion depends upon a reasonable person's perception of the entirely of the publication. *Id.* at 579.

Even assuming that calling someone a "nut job" does not include an assertion of verifiable fact, claiming that someone is mentally unstable, committed a crime by defacing a campaign sign, and has defaulted on his child support obligations does assert verifiable facts. Accordingly, Cox can maintain an action for statements Schmitz made against him to Schmitz's political opponent.

**E.    Actual Damages**

Schmitz correctly asserts that Cox did not include any evidence of actual damages resulting from the alleged defamation. Schmitz claims, "Actual damage resulting from the defamatory statement is a necessary element of a libel claim." This is not always true.

In *Lipsky*, the Supreme Court of Texas recognized that, for defamation per se claims, "a plaintiff may recover general damages without proof of any specific loss." 460 S.W.3d at 596 (citing *Hancock v. Variyam*, 400 S.W.3d 59, 63–64 (Tex. 2013)). Proof of damages is not an essential element of a defamation per se claim and, accordingly, "ha[s] no bearing" on a Chapter 27 motion to dismiss. *Id.* We must determine, then, whether Cox has asserted defamation per se claims.

12

"Defamation per se refers to statements that are so obviously harmful that general damages, such as mental anguish and loss of reputation, are presumed." *Id.* Defamation per se includes statements that "unambiguously charge a crime, dishonesty, fraud, rascality, or general depravity." *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 690 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *see also State Med. Ass'n of Tex. v. Comm. for Chiropractic Ed.*, 236 S.W.2d 632, 634 (Tex. Civ. App.—Galveston 1951, no writ) ("It is also the established rule in this state that written or printed words which charge dishonesty of fraud, or rascality and general depravity are generally libelous per se.").

The fake political action committee website accused Cox of emotionally, verbally, and physically abusing his ex-wife; harassing her child by filing numerous court filings against her; stalking her; refusing to pay child support; being a "deadbeat dad"; committing libel and slander against Schmitz and his campaign staff; and having a conviction for unlawfully carrying a firearm. Likewise, the Facebook page for a fake persona accused Cox of defaming a "co-worker" of the fake persona by falsely claiming the co-worker had a conviction for larceny and of failing to pay $19,000 in back child support. Finally, Schmitz is alleged to have said to his political opponent that Cox was mentally unstable and had committed the crime of defacing a campaign sign. Schmitz also allegedly said

13

that he was about to sue Cox for "back child support," suggesting that Cox had defaulted on his child support obligations.

These statements charge Cox of a crime, dishonesty, fraud, rascality, or general depravity. *See KTRK Television*, 490 S.W.3d at 690. Accordingly, they support a defamation per se claim. *See id.* Because he has alleged defamation per se, Coxwas not required to prove damages in order to defeat the Chapter 27 motion to dismiss. *See Lipsky*, 460 S.W.3d at 596.

None of the above arguments establish any deficiencies in the evidence for the prima facie elements of Cox's defamation claims. Accordingly, we hold that, even assuming that Schmitz carried his burden of establishing that the claims fall within Chapter 27 of the Civil Practice and Remedies Code, Schmitz has failed to establish any error in the trial court's denial of his motion to dismiss. We overrule Schmitz's sole issue.

## Conclusion

We affirm the trial court's denial of Schmitz's motion to dismiss.


Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.

14