In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00005-CV**

_____

**JEFFERSON COUNTY, TEXAS, Appellant**

**V.**

**DUDLEY DENT, Appellee**

_____

**On Appeal from the 172nd District Court**
**Jefferson County, Texas**
**Trial Cause No. E-201,782**

_____

**MEMORANDUM OPINION**

In this accelerated appeal, Jefferson County asks the Court to reverse two interlocutory orders—one denying the County's plea to the jurisdiction, and one denying its request for declaratory judgment. As to the orders, we must first address the County's complaint the trial court erred by denying the County's plea.[1] We

_____

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2018) (permitting an interlocutory appeal from a trial court's order denying a plea to the jurisdiction filed by a governmental unit).

1

conclude the trial court was required to deny the County's plea to the jurisdiction, so the trial court's ruling as to that order is affirmed. We further conclude we lack jurisdiction to review the trial court's order denying the County's request for declaratory judgment and dismiss that part of the County's appeal.

Background

In December 2017, Dudley Dent and Phillip Swan, Jr. were involved in a motor vehicle collision near the intersection of Fannett Road and 11th Street in Beaumont, Texas. When the wreck occurred, Swan, an employee of the County Sheriff's Office, was driving a county-owned SUV. The police report on the collision states Swan failed to yield the right of way to Dent when Swan turned from 11th Street onto Fannett Road.

Less than a year later, Dent sued the County to recover damages for the personal injuries he alleges he suffered in the wreck. Dent alleged the County was responsible for Swan's negligent operation of the SUV because Swan was driving the SUV in the course and scope of his employment for the County when the collision occurred. When the County answered the suit, it filed a general denial and asserted that, as a governmental entity, it was immune from Dent's claims.

About a week after filing its answer, the County filed a plea to the jurisdiction, a plea governmental entities use to challenge the trial court's right to hear suits filed

2

against them without regard to whether the plaintiff's claims have merit.[2] In its plea, the County alleged the trial court lacked jurisdiction over Dent's claims because Swan was not in the course and scope of his employment when he hit Dent's car. Swan's affidavit, which the County attached to its plea, states that Swan was on his way home from work when the wreck occurred.[3] Swan's affidavit also states that while he was driving home, he was not responding to any calls and had not observed any criminal activity.

Dent amended his petition twice before the trial court considered the County's plea.[4] None of his petitions, however, assert a claim for property damages. When Dent responded to the County's plea, he alleged Swan told him shortly after the collision that he did not see Dent's car because he had been "distracted as a result of responding to a call from work[.]" According to Dent, the statement Swan made to

---

[2] *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

[3] The County attached several other exhibits to its plea, as follows: (1) a typed, undated, and unsigned statement that appears to have been made by Swan; (2) a copy of the official police report made by the Beaumont Police Department about the collision; and (3) a Google map showing the route Swan took after leaving work the day the collision occurred.

[4] Dent added Swan to the suit in his First Amended Petition. The record shows that in August 2018, the trial court signed an agreed order granting Swan's motion for summary judgment, and the court dismissed the claims Dent filed against Swan, with prejudice.

him at the scene is evidence raising a fact issue on his course and scope of employment claim. Dent's affidavit, which he attached to his response, includes the following statement:

> After the collision, myself and Officer Swan pulled over. Officer Swan came up to me and apologized for the collision. He told me he never saw my vehicle. He also told me he was distracted because he was responding to a call from work. Officer Swan then proceeded to call his supervisor. After he called his supervisor, Officer Swan stated he was worried because he had recently been in another at-fault collision while working for Jefferson County Sheriff's Office. He stated he was afraid that he may lose his job.

Dent also attached a copy of the deposition, which the County obtained during discovery, to his response.

In November 2018, the County asked the trial court to declare that Dent could not sue for property damages because he did not own the car he was driving that was damaged in the wreck.[5] Before the hearing on the County's plea, the County filed written objections to the exhibits that Dent was relying on to oppose the County's plea. The County asked the trial court to exclude Dent's affidavit and his deposition, arguing that Dent's affidavit, which he filed before he was deposed, does not state the hour the collision occurred. According to the County, Dent's statements about the issue of whether Swan was still working when the collision occurred were

---

[5] The County attached the title history for the car Dent was driving when the wreck occurred to support its declaratory judgment claim. The title history on the car shows the dates on which various individuals and entities owned the car.

4

irrelevant, speculative, conclusory, made without personal knowledge, and hearsay. The County suggested that Dent's statements about whether he talked to Swan after the wreck were internally inconsistent, claiming the inconsistencies caused Dent's statements about what he claimed Swan said after the wreck to have no probative value. And, the County argued it provided the trial court with more probative evidence than Dent on the question of whether Swan was in the scope of his employment when the wreck occurred.

In November 2018, the trial court considered the County's plea and request for declaratory judgment. The trial court overruled all but one of the County's objections to Dent's evidence. Given the trial court's rulings on the County's objections, the evidence the trial court considered included Dent's statement about Swan stating "he was distracted because he was responding to a call from work." In December 2018, the trial court signed separate orders denying both the County's plea to the jurisdiction and its request for declaratory judgment.

In January 2019, the County appealed the trial court's rulings.[6] In its brief, the County raised three issues, claiming the trial court erred (1) when it denied the County's plea, (2) when it overruled the objections the County raised to Dent's

---

[6] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

5

affidavit and deposition, and (3) when it denied the County's request for declaratory judgment.

## Tort Claims Act

In general, the doctrine of governmental immunity protects governmental units, including counties, from lawsuits.[7] While the Legislature can waive that immunity, the language in a statute waiving a governmental unit's immunity must be stated in "clear and unambiguous language."[8] Generally, the Tort Claims Act provides the waivers relevant to tort claims, and Dent relied on that statute in response to the County's plea.[9] Yet the Tort Claims Act provides a limited waiver, waiving governmental immunity only for property damage and personal injuries when caused "by the wrongful act or omission or the negligence of an employee acting within his scope of employment[,] if . . . the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle[,]" and "the employee would be liable to the [plaintiff] according to Texas law[.]"[10] Under the

---

[7] *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57-58 (Tex. 2011).

[8] Tex. Gov't Code Ann. § 311.034 (West 2013).

[9] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001(3)(B), 101.025 (West 2019); *Sampson v. Univ. of Tex. at Austin,* 500 S.W.3d 380, 384 (Tex. 2016); *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014).

[10] Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A)(B) (West 2019).

Tort Claims Act, "[e]mployee" is defined as "a person…who is in the paid service of a governmental unit by competent authority[,]" and "[s]cope of employment" is defined as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority."[11]

The crux of the parties' dispute is whether the evidence the trial court considered raises an issue of material fact on whether Swan was acting in the course and scope of his duties as a deputy sheriff when the wreck occurred. Under Texas law, "every peace officer [has a duty] to preserve the peace within the officer's jurisdiction."[12] Peace officers, including deputy sheriffs, retain their status as peace officers "twenty-four hours a day[.]"[13] Consequently, peace officers are not relieved of the duty to preserve the peace merely because they are no longer on duty.[14] Because off-duty officers may still be engaged in discharging their duty to maintain the peace, it is not possible to determine whether a particular officer is acting in the

---

[11] *Id*. § 101.001(2), (5) (West 2019).

[12] *See* Tex. Code Crim. Proc. Ann. art. 2.13(a) (West Supp. 2018).

[13] *Blackwell v. Harris Cty.*, 909 S.W.2d 135, 139 (Tex. App—Houston [14th Dist.] 1995, writ denied); *see* Tex. Code Crim. Proc. Ann. art. 2.12(1) (West Supp. 2018).

[14] *Id*.

course and scope of his employment by considering only whether the officer's shift has ended.[15] Instead, in cases involving police officers, courts look to whether the officer or officers involved were discharging their duties as police officers when the tort occurred.[16]

Standard of Review

Generally, trial courts cannot exercise jurisdiction over a  plaintiff's claims against a governmental unit if the Legislature has not waived the unit's immunity from suit.[17] When raised in a plea to the jurisdiction, the question of whether the trial court has jurisdiction over the suit is reviewed as a question of law.[18] In a plea to the jurisdiction, governmental units "may challenge the pleadings, the existence of

---

[15] *See City of Balch Springs v. Austin*, 315 S.W.3d 219, 225 (Tex. App.—Dallas 2010) (citing *City of Laredo v. Saenz*, No. 04-05-00188-CV, 2006 Tex. App. LEXIS 1006, at *9-11 (Tex. App.—San Antonio Feb. 8, 2006, no pet.) (mem. op.)); *Dillard's, Inc. v. Newman*, 299 S.W.3d 144, 148 (Tex. App.—Amarillo 2008) (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994)); *Harris Cty. v. Gibbons*, 150 S.W.3d 877, 882 (Tex. App.—Houston [14th Dist.] 2004) (citing *Morris v. State*, 523 S.W.2d 417, 418 (Tex. Crim. App. 1975)).

[16] *City of Balch Springs*, 315 S.W.3d at 226 (citing *Chambers*, 883 S.W.2d at 658).

[17] *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004).

[18] *Sampson*, 500 S.W.3d at 384.

jurisdictional facts, or both."[19] When, as here, the governmental unit's plea challenges the existence of jurisdictional facts, the appellate court's standard of review mirrors the standard appellate courts use to review a trial court's ruling on a traditional motion for summary judgment.[20] Thus, the governmental unit carries the initial burden to present evidence establishing the trial court does not have subject matter jurisdiction over the plaintiff's claims.[21] If that burden is met, the burden shifts to the plaintiff to present evidence sufficient to demonstrate that an issue of material fact exists on the question required to resolve the jurisdictional issue.[22]

In our review, we consider all relevant evidence submitted by the parties in deciding whether the trial court resolved the plea properly.[23] When reviewing the evidence, we take as true all the evidence favoring the plaintiff's claims, and we indulge all reasonable inferences and doubts in the plaintiff's favor.[24]

---

[19] *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018).

[20] *See Sampson*, 500 S.W.3d at 384; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *Miranda*, 133 S.W.3d at 228; *see also* Tex. R. Civ. P. 166a(c).

[21] *Sampson*, 500 S.W.3d at 384; *Garcia*, 372 S.W.3d at 635; *Miranda*, 133 S.W.3d at 228.

[22] *Sampson*, 500 S.W.3d at 384; *Miranda*, 133 S.W.3d at 228.

[23] *Miranda*, 133 S.W.3d at 227-28.

[24] *Sampson*, 500 S.W.3d at 384; *Miranda*, 133 S.W.3d at 228.

Analysis

*Rulings on Objections to Dent's Evidence*

First, we address whether the trial court abused its discretion by overruling the objections the County raised to Dent's affidavit and deposition.[25] A trial court's rulings on objections to summary judgment evidence are reviewed using an abuse of discretion standard.[26] "A trial court abuses its discretion if it acts without reference to any guiding rules and principles such that the ruling is arbitrary or unreasonable."[27]

An affidavit opposing a plea to the jurisdiction must be made on personal knowledge and must set forth facts that would be admissible in evidence.[28] Dent's affidavit states that the "facts and opinions" in his affidavit are within his "personal knowledge and true and correct." While affidavits must state facts, not opinions, Dent's statement in his affidavit that Swan told him he was distracted because he

---

[25] *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (applying abuse of discretion standard to ruling admitting evidence).

[26] *Sloan Creek II, L.L.C. v. N. Tex. Tollway Auth.*, 472 S.W.3d 906, 918 (Tex. App.—Dallas 2015, pet. denied).

[27] *Pressley v. Casar*, 567 S.W.3d 327, 333 (Tex. 2019).

[28] Tex. R. Civ. P. 166a(f).

was responding to a call from work was based on Dent's personal recollection of the events that day.[29]

At trial and in its appeal, the County argues Dent's statements in his affidavit about the time the collision occurred and what Swan told him after the wreck are inconsistent with the answer Dent gave to a question during his deposition. However, our review shows the two sworn statements are not unreconcilably inconsistent. In comparing Dent's affidavit and his deposition, the trial court could have concluded that Dent merely provided the County a more detailed account in his deposition about the events surrounding the wreck.

The County also argues that Dent's statements in his deposition and affidavit about what Swan said following the collision were inadmissible hearsay. However, the Rules of Evidence provide that an opposing party's statement is not hearsay if made by "the party's agent or employee on a matter within the scope of that relationship and while it existed."[30] Dent offered the statements against the County, and the statements were allegedly made by Swan, the County's employee, about a matter concerning Swan's employment with the County. So, the trial court did not abuse its discretion by considering Dent's sworn statements about what Swan said

---

[29] *See Harris By & Through Harris v. Spires Council of Co-Owners*, 981 S.W.2d 892, 896 (Tex. App.—Houston [1st Dist.] 1998, no pet.).

[30] Tex. R. Evid. 801(e)(2)(D).

11

to Dent after the collision.[31] For the reasons we have explained, the County's second issue is overruled.

*Ruling on Plea*

Next, we address the County's argument that the evidence fails to raise a fact issue on whether Swan was acting in the course and scope of his employment when the wreck occurred.[32] If the County is correct, the Tort Claims Act does not apply to Dent's claims and the County retained its immunity from Dent's suit.

In connection with the County's plea to the jurisdiction, the County bore the burden of producing evidence to show that Swan was not in the scope of his employment when the collision occurred. The County attached several exhibits to its plea to meet its burden. For example, Swan's affidavit states that he was off-duty, driving home, and not responding to any calls when the wreck occurred. The County also provided the trial court with the police report for the collision, which notes the wreck occurred at 5:14 p.m. The police report is consistent with Swan's affidavit, as it states Swan left work at 5:00 p.m. that day. We conclude the County's evidence shifted the burden of proof to Dent, so Dent was required to produce evidence

---

[31] *Id.*

[32] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.025.

showing that an issue of material fact existed on whether Swan was in the course and scope of his employment when the wreck occurred.[33]

Dent produced his affidavit and his deposition to support his claim that Swan was in the course and scope of his employment when the wreck occurred. Dent's affidavit includes his statement that Officer Swan said, "he was distracted because he was responding to a call from work." Dent stood by this statement when he was deposed.

According to the County, Dent's affidavit and deposition about what Swan said after the collision are internally inconsistent because Dent's affidavit asserts he spoke to Swan after the wreck but during his deposition, Dent testified he could not remember talking to Swan. But in our view, the inconsistencies the County points to in support of its argument can be reconciled. In Dent's deposition, he was asked to answer a compound question about whether he stopped after the wreck, talked to Swan, and whether either of them suggested they should move their vehicles off the road. Indeed, since what Dent meant by his answer is ambiguous, we must look at Dent's answer through a standard of review that favors Dent's claims.[34] We

---

[33] *See Miranda*, 133 S.W.3d at 221 (explaining that "if the plaintiffs' factual allegations are challenged with supporting evidence necessary to consideration of the plea to the jurisdiction, to avoid dismissal plaintiffs must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction").

conclude Swan's statement that he was distracted because he was responding to a call from work, which Dent claims Swan made after the wreck, created an issue of material fact on whether Swan was in the course and scope of his employment when the wreck occurred. Therefore, on this record, the trial court was required to deny the plea.[34] The County's first issue is overruled.

*Ruling on Request for Declaratory Judgment*

In issue three, the County argues the trial court should have granted its request for declaratory judgment on Dent's property damage claim. According to the County, Dent failed to show that he was the record owner of the car he was driving when the wreck occurred. However, the trial court's ruling on the County's declaratory judgment is merely an interlocutory ruling and no statute exists authorizing an appeal from a trial court's interlocutory ruling on a request for declaratory judgment.[36] Consequently, we lack jurisdiction to address the County's third issue, and we dismiss that part of the County's appeal.[37]

---

[34] *Sampson*, 500 S.W.3d at 384.

[35] *See id.*; *Miranda,* 133 S.W.3d at 227-28.

[36] *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001) ("A party may not appeal an interlocutory order unless authorized by statute."); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West Supp. 2018) (listing the various kinds of interlocutory orders that are subject to an interlocutory appeal).

[37] *See* Tex. R. App. P. 43.2(f).

Conclusion

For the reasons we have explained, we affirm the trial court's order denying the County's plea to the jurisdiction. We dismiss the County's appeal to the extent the County seeks to challenge the trial court's ruling on the County's motion for declaratory judgment.

AFFIRMED IN PART; DISMISSED IN PART.

_____
HOLLIS HORTON
Justice

Submitted on April 9, 2019
Opinion Delivered July 25, 2019

Before Kreger, Horton and Johnson, JJ.