COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )

                                                                              )

                                                                              )            
No.  08-02-00071-CV

                                                                              )

IN RE:  MARY LINDA McCALL                        )     AN
ORIGINAL PROCEEDING

                                                                              )

                                                                              )              
IN MANDAMUS

                                                                              )

                                                                              )

                                                                              )

 

 

O
P I N I O N

 

This mandamus
originates from Judge John G. Hyde=s
order granting the motion to quash Relator Mary Linda McCall=s subpoena for invoices submitted to
Dolores McCall (ADolores@) by the law firm of Cotton, Bledsoe,
Tighe & Dawson, P.C. (ACotton
Bledsoe@).  Mary Linda McCall (ALinda@) brings two issues complaining that
she is entitled to examine the invoices, because Cotton Bledsoe rendered legal
services on her behalf and she paid for her proportion of the services.  We conditionally grant the writ of mandamus.








After Jack O.
McCall Sr.=s death
in October 1991, Dolores, his second wife, and Linda and J.O. McCall Jr. (AJ.O. Jr.@),
his two children from his first marriage, became co-tenants in certain oil and
gas properties.  In order to facilitate
the administration of the properties, Cotton Bledsoe suggested that the three
form a partnership and authorize Dolores to handle daily operations.  Upon criticism from Linda=s CPA, Cotton Bledsoe set up a limited
power of attorney to transfer authority to Dolores without any changes in the
properties=
ownership.  Both Linda and J.O. Jr.
executed the limited and revocable power of attorney for Dolores to administer
real property transactions only, and Dolores operated the properties under the
names of McCall Family Partnership or McCall Family Properties.

In January 1998,
Linda decided to end the relationship with Dolores and also filed suit for
proper division of property under her mother=s
will and for breach of fiduciary duty against Dolores individually and as
independent executrix of the Estate of Jack O. McCall Sr., Jack O. McCall Jr.,
and McCall Family Partnership a.k.a. McCall Family Properties.  During discovery, she sought from Cotton
Bledsoe all billing invoices for legal work done for McCall Family Partnership
a.k.a. McCall Family Properties for the years 1992-1999.  Linda also requested that Cotton Bledsoe
withdraw from representing Dolores because of possible conflict of interest due
to the firm=s
representation of the Estate of Mary Jane McCall, Estate of Jack McCall Sr.,
and the McCall Family Partnership.  Linda
then moved to subpoena the invoices and to disqualify Cotton Bledsoe from
representing Dolores.  Dolores, still
represented by Cotton Bledsoe, sought protection from the subpoena from the
trial court, asserting the invoices from Cotton Bledsoe were protected under
the attorney-client privilege.  The trial
court granted Dolores=s
motion to quash the subpoena and ruled that the invoices were covered by the
attorney-client privilege and Cotton Bledsoe had no attorney-client
relationship with Linda.








Mandamus will lie
only to correct a clear abuse of discretion and when there is no adequate
remedy at law, or by normal appeal.  Braden
v. Marquez, 950 S.W.2d 191, 193-94 (Tex.App.‑‑El Paso 1997,
orig. proceeding).  A trial court abuses
discretion when its decision lacks basis or guiding principles of law.  Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985)(orig. proceeding).  While a higher standard of review applies to
a trial court=s decision
on factual issues, a trial court has no discretion in determining what the law
is or applying the law to the facts.  Braden,
950 S.W.2d at 193.  Thus, a clear failure
by the trial court to analyze or apply the law correctly will constitute an
abuse of discretion and may result in appellate reversal by extraordinary
writ.  Id.  When the trial court disallows discovery and
the missing discovery cannot be made part of the appellate record, thereby
precluding appellate review, mandamus is a proper remedy.  Walker v. Packer, 827 S.W.2d 833,
840-44 (Tex. 1992) (orig. proceeding); In re Braden, 960 S.W.2d 834, 837
(Tex.App.--El Paso 1997, orig. proceeding). 
Before granting mandamus, the reviewing court should consider Aall relevant circumstances, such as the
claims and defenses asserted, the type of discovery sought, what it is intended
to prove, and the presence or lack of other discovery . . . .@ 
Walker, 827 S.W.2d at 844.

It is undisputed
that Linda and Cotton Bledsoe did not expressly contract for legal
services.  However, in the absence of an
express agreement, an attorney‑client relationship may be implied in some
cases from the conduct of the parties.  Mellon Serv. Co. v. Touche Ross & Co.,
17 S.W.3d 432, 437 (Tex.App.--Houston [1st Dist.] 2000, no pet.); Duval
County Ranch Co. v. Alamo Lumber Co., 663 S.W.2d 627, 633 (Tex.App.‑‑Amarillo
1983, writ ref=d
n.r.e.).  








Under the present
facts, we believe that an attorney-client relationship existed by virtue of
Dolores consulting Cotton Bledsoe in her capacity as Linda=s agent.  An agent is one who is authorized by another
to transact some business for the principal. 
Bhalli v. Methodist Hosp., 896 S.W.2d 207, 210 (Tex.App.--Houston
[1st Dist.] 1995, writ denied); Neeley v. Intercity Mgmt. Corp., 732
S.W.2d 644, 646 (Tex.App.‑‑Corpus Christi 1987, no writ).  A power of attorney creates an agency
relationship.  Plummer v. Estate of
Plummer, 51 S.W.3d 840, 842 (Tex.App.‑‑Texarkana 2001, pet.
denied); Sassen v. Tanglegrove Townhouse Condo. Assoc., 877 S.W.2d 489,
492 (Tex.App.‑‑Texarkana 1994, writ denied).  An agent has actual authority either
expressly or impliedly to perform such acts as are necessary and proper to
accomplish the purpose for which the agency was created.  Intermedics, Inc. v. Grady, 683 S.W.2d
842, 847 (Tex.App.--Houston [1st Dist.] 1984, writ ref=d
n.r.e.); Houston Packing Co. v. Spivey, 333 S.W.2d 423, 426
(Tex.Civ.App.--Eastland 1960, no writ).  

To expedite the
administration of the oil and gas property interests in which she was 








co-tenants with Linda and J.O. Jr.,
Linda granted Dolores a limited, revocable power of attorney in March 1995,
which created an agency relationship between Linda, as the principal, and
Dolores, as the agent.  In her capacity
as Linda=s agent,
Dolores=s
ultimate purpose was to carry out oil and gas transactions, performing any
necessary and proper acts to accomplish this. 
Seeking legal advice in the commission of the service was a necessary
and proper act, and an attorney-client relationship was created between Linda
and any law firm that Dolores consulted in her capacity as her agent.  Cotton Bledsoe had certainly rendered legal
service to Dolores, as Linda=s
agent, and had imputed knowledge of the agency relationship, since they had
advised Linda and Dolores to execute the power of attorney and also ultimately
assisted in dissolving the agency.  See,
e.g., Broughton v. Humble Oil & Ref. Co., 105 S.W.2d 480, 484
(Tex.Civ.App.--El Paso 1937, writ ref=d)(Non-appearing
defendant had attorney-client relationship with the law firm appearing on her
behalf in a suit for adverse possession. 
Law firm had been hired by her agent, whom she had appointed to manage
and look after the property.).[1]

We agree that
Linda is entitled to inspect the invoices from Cotton Bledsoe, because
attorney-client relationship existed between Cotton Bledsoe and Linda by the
virtue of power of attorney she granted to Dolores.  We conclude that the trial judge erred as a
matter of law in finding no attorney-client relationship existed.  Further, Linda has no adequate remedy at law
from the trial court=s
order barring her from discovery of the invoices from Cotton Bledsoe, because
the invoices will not be a part of the appellate record.  The invoices from Cotton Bledsoe are highly
relevant to Linda=s claim
for breach of fiduciary duty against Dolores and for her motion to disqualify
Cotton Bledsoe from representing Dolores in the suit.  Dolores consulted Cotton Bledsoe in
connection with the operation of the jointly owned properties and
proportionately charged legal expenses to Linda.  Whether the charges were properly made can
only be determined from the invoices themselves, and their exclusion from the
record would deprive Linda of adequate remedy at law.  








Finding that Linda
and Cotton Bledsoe had an attorney-client relationship, we vacate the trial
court=s order
quashing the discovery of the invoices. 
However, it appears that Cotton Bledsoe also rendered some legal
services to Dolores outside of her capacity as Linda=s
agent, and the portions of the invoices relating to these legal services
rendered exclusively for Dolores individually and outside of her capacity as an
agent are not subject to be discovered by Linda.  We therefore instruct the trial court to
review in-camera the invoices in the light of this opinion and allow discovery
of the invoices relevant to the services Cotton Bledsoe rendered to Dolores in
her capacity as Linda=s
agent.  The writ is conditionally
granted.  The writ will issue only in the
event the trial court should fail to act in accordance with this opinion.

We conditionally
grant the writ of mandamus.

 

 

June
20, 2002

DAVID WELLINGTON CHEW,
Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
See also Clarke v. Ruffino, 819 S.W.2d 947, 949-50 (Tex.App.--Houston
[14th Dist.] 1991, orig. proceeding)(Although the defendant had never asked the
attorney to represent him in connection with the refinancing of his property,
an attorney-client relationship existed. 
The attorney had investigated Mr. Lehtonen and reported the evaluation
to the financing bank, he had billed Mr. Lehtonen, and Mr. Lehtonen had paid
the attorney.).