April BROWN, David Rafferty, Steve Gann, Kathy Hilton, Irene Garcia and Steve Stuckey, Appellants

v.

William HENSLEY, Tom Jenkins, Troy Jones, David Marks, Barnard Pearl, Thomas Walsh, Stan Williams, Jack Ereira and Andrew Rosenberg, Appellees

NO. 14–14–00981–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinions filed January 26, 2017.

Andy Taylor, Brenham, TX, for Appellants.

Howard L. Close, Thomas C. Wright, Henry S. Platts Jr., Shelley Jean White, Houston, TX, for Appellees.

Panel consists of Justices Jamison, Donovan and Brown. (Jamison, J., Concurring.)

## MAJORITY OPINION

John Donovan, Justice

After a hurricane and a fire caused significant damage to their homes, a group of condominium owners sued their condominium association and members of its board. The appellant owners argued that by failing to repair hurricane and fire damage to the condominium complex and by demolishing it, the individual board members were liable for breach of contract, negligence, gross negligence, violation of the duty of good faith and fair dealing, breach of fiduciary duty, tortious interference with contract, slander of title, damage to title, and conspiracy. The trial court granted summary judgment on the claims against the individual board members, and severed the dismissed claims from the remaining claims against the association. The appellant owners now appeal the dismissal of their claims against the individual board members. We affirm.

### I. Background

The Landing was a condominium complex in the City of El Lago, Texas. Created in 1974, it consisted of 17 buildings, two or three stories each, and contained a total of 156 apartment-home units and numerous amenities. The Landing occupied approximately 6.71 acres of waterfront property along the north shore of Clear Lake, on the west side of Galveston Bay.

In connection with the creation of the Landing, the developer recorded condominium bylaws and declarations. Additionally, the developer formed the Landing Council of Co–Owners ("the Association"), a Texas non-profit corporation whose membership includes all unit owners, to operate the Landing. The Association elected a board of directors ("the Board"), which consisted of seven unit owners serving as volunteers, to direct and manage the Association's affairs.

In September 2008, Hurricane Ike made landfall near Galveston Island, bringing high winds and flooding to the area, including the City of El Lago ("the City"). The Landing sustained significant damage.[1] In April 2009, the City found the Landing was "substantially damaged," which required that the Landing could only be repaired if it were brought into compliance with the City's current building codes.

The Landing was not repaired. In April 2010, the City declared the Landing's buildings constituted substandard housing and a public nuisance. The City ordered the Association to obtain either a permit to repair to code or a permit to demolish the Landing. In December 2010, the conditions of the Landing were made even worse when a fire caused additional damage, destroying 4 of the 17 buildings in the complex. The Association obtained a demolition permit from the City, and the Landing was demolished in April 2011.

In September 2010, a group of six current or former unit owners who wanted the Landing restored to its pre-hurricane condition—David Rafferty, Steve Gann, Kathy Hilton, Irene Garcia, Steve Stuckey, and April Brown—sued the Association and several current and former members of the Board in their individual capacities, namely: William Henslee, Tom Jenkins, Troy Jones, David Marks, Barnard Pearl, Thomas Walsh, Stan Williams, Jack Eriera, and Andrew Rosenberg. The plaintiffs asserted claims against the named defendants, seeking declaratory relief for breach of contract, negligence, gross negligence, violation of the duty of good faith and fair dealing, breach of fiduciary duty, tortious interference with contract, slander of title, damage to title, and conspiracy.

The individual Board members filed jointly a combined traditional motion for summary judgment. In their summary judgment motion, the Board members argued, among other things, that the unit owners had not asserted claims that would support personal liability. Additionally, the Board members asserted that they were immune from personal liability under the Texas Charitable Immunity and Liability Act. The Board members also filed a motion to strike unreferenced, voluminous evidence attached to plaintiffs' response to

---

1. In previous litigation against the Association to which appellants were not a party, the damage to the Landing was detailed as follows:

Large quantities of debris washed or blew into the parking lot and marina, and multiple buildings suffered interior and exterior damage. Several buildings suffered some degree of structural damage. The storm also knocked out power throughout much of the area, including power lines to the complex. Power was never restored to the complex. Because The Landing's building sat at a lower elevation than the city sewer lines, pumps were used to lift wastewater to the level of the sewer lines. Without power, the pumps could not function. But the water supply to The Landing remained active, so sewage began flowing back through the pumps and out into Clear Lake. To prevent this, the water was also turned off on the day after the storm. Because the power was never restored, water and sewer services to the Landing also were never restored.

*Wheelbarger, et al. v. Landing Council of Co–Owners, et al.*, 471 S.W.3d 875 881 (Tex. App.–Houston [1st Dist.] 2015, pet. denied).

motion for summary judgment. The Board members objected to the generally referenced 467 pages of exhibits attached to plaintiffs' 70–page response and requested the trial court strike them for failing to identify the specific evidence that allegedly created a fact question in response to the Board members' summary judgment motion.

■ The trial court granted the motion to strike.[2] The trial court also granted the traditional motion for summary judgment, without stating the specific grounds for its ruling, and dismissed all claims against the individual Board members. The parties then jointly moved to sever the dismissed claims from the remaining claims against the Association, which was granted. This appeal by the unit owners against the individual Board members followed.[3]

## II. Analysis

Appellants contend the trial court erred when it granted a traditional summary judgment in favor of the Board members for two reasons: (1) the trial court mistakenly concluded that each Board member was entitled to statutory immunity under Chapter 84 of the Texas Civil Practices and Remedies Code; and (2) a "plethora" of briefing and proof was made in response to the traditional motion for summary judgment, creating genuine issues of material fact as to the existence and breach of certain applicable standards of care governing the actions and omissions of each Board member.

Appellees maintain that the trial court property granted summary judgment for the directors because the Charitable Immunity and Liability Act shields appellees from personal liability and appellants fail to raise a statutory exception to such immunity or the breach, or even existence, of any duty owed to appellants individually, as opposed to the association they served. Appellees also argue that appellants cannot demonstrate the existence of a genuine issue of material fact because the trial court struck appellants' summary judgment evidence, and appellants have not complained about that ruling on appeal.

### A. Standard and Scope of Review

We review the trial court's decision to grant or deny a traditional motion for summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex.

---

**2.** A non-movant cannot avoid judgment by simply filing voluminous evidence and stating generally that a genuine fact issue has been raised. *See, e.g., San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 331 (Tex. App.–Houston [14th Dist.] 2005, no pet.). A contrary holding "would place an unreasonable burden on the trial court and would violate the requirement of Rule 166a(i) that the response must point out evidence that raises a genuine issue of fact as to each challenged element." *Id.* (affirming a no-evidence summary judgment when the non-movant responded with a general statement that fact issues existed and referenced 650 pages of evidence, although the non-movant made more specific arguments on appeal); *see also Eaton Metal Prods., L.L.C. v. U.S. Denro Steels, Inc.*, No. 14–09–00757–CV, 2010 WL 3795192, at *6 (Tex. App.–Houston [14th

Dist.] Sept. 30, 2010, no pet.) (mem. op.) (affirming because "[b]lanket citation to voluminous records is not a proper response to a no-evidence motion for summary judgment"); *White Oak Bend Mun. Util. Dist. v. Roberston*, No. 14–00–00155–CV, 2002 WL 245957, at *5 & n.2 (Tex. App.–Houston [14th Dist.] Feb. 21, 2002, pet. denied) (not designated for publication) (trial court is not required to sift through voluminous deposition transcripts in search of evidence to support the non-movant's argument that a fact issue exists).

**3.** Although the cover page of appellants' brief lists the Landing Council of Co–Owners as an appellee, the Association is not a party to this appeal. Only appellants' claims against the individual Board members were the subject of the summary judgment and severance.

2010). If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.–Houston [1st Dist.] 2005, pet. denied). We will consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in favor of the nonmovant. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam).

When reviewing a traditional summary judgment, we must determine whether the movant met its burden to establish that (1) no genuine issue of material fact exists and (2) the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003) (citing *Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex. 2001)). To be entitled to summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiffs' causes of action or conclusively establish each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *Chrismon v. Brown*, 246 S.W.3d 102, 105–06 (Tex. App.–Houston [14th Dist.] 2007, no pet.). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996). If the defendant meets this burden, the plaintiff must then produce evidence raising a genuine issue of material fact to avoid the affirmative defense. *Nichols v. Smith*, 507 S.W.2d 518, 520–21 (Tex. 1974).

 When the movant urges multiple grounds for summary judgment and the order does not specify which was relied upon to render the summary judgment, the appellant must negate all grounds on appeal. *See Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). If an appellant fails to challenge all grounds on which the summary judgment may have been granted, the appellate court must uphold the summary judgment. *Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.–Houston [14th Dist.] 2013, no pet.). This rule applies to particular claims disposed by summary judgment. *See De-Wolf v. Kohler*, 452 S.W.3d 373, 389 (Tex. App.–Houston [14th Dist.] 2014, no pet.) (affirming summary judgment on one of several claims because the appellant did "not challenge all of the independent grounds on which summary judgment on this claim may have been granted").

 In reviewing whether a summary judgment was properly granted, we are precluded from considering arguments on appeal that refer to evidence the trial court has excluded, unless the appealing party also challenges the ruling that excluded that evidence. *See Inglish v. Prudential Ins. Co. of Am.*, 928 S.W.2d 702, 706 (Tex. App.–Houston [1st Dist.] 1996, writ denied) (declining to consider contention that appellant Inglish's affidavit raised fact issues related to formation of contract or whether contract implied in fact or law existed, because appellants raised no appellate challenge to trial court's sustaining opposing party's objections to affidavit); *see also Vallance v. Irving C.A.R.E.S., Inc.*, 14 S.W.3d 833, 838 (Tex. App.–Dallas 2000, no pet.) ("The trial court sustained appellees' objections to this evidence. Appellant does not challenge that ruling on appeal. Therefore, no evidence supports appellant's argument."); *Rayl v. Borger Econ. Dev. Corp.*, 963 S.W.2d 109, 113 (Tex. App.–Amarillo 1998, no pet.) (holding that lack of appellate challenge to ruling

striking affidavit offered in opposition to motion for summary judgment precluded considering affidavit on appeal); *Brooks v. Sherry Lane Nat'l Bank*, 788 S.W.2d 874, 878 (Tex. App.–Dallas 1990, no writ) (holding that party challenging summary judgment waived any error in trial court's striking portions of that party's affidavit and pleading by not challenging that ruling on appeal).

### B. Charitable Immunity and Liability Act

Appellants contend that it was error for the trial court to grant summary judgment on the basis of immunity from liability under the Charitable Immunity Act, asserting the Act does not apply because the claims at issue are brought by members of the Association against its Board, and the Act "does not limit or modify the duties or liabilities of a member of the board of directors or an officer to the organization or its members and shareholders."

In 1987, the Texas Legislature enacted the Texas Charitable Immunity and Liability Act, limiting the liability of charitable organizations and immunizing volunteers who meet certain conditions. Tex. Civ. Prac. & Rem. Code §§ 84.001, *et seq.* The Legislature passed the Act with, in pertinent part, the following findings and purposes:

> ...the purpose of this Act [is] to reduce the liability exposure and insurance costs of these organizations and their employees and volunteers in order to encourage volunteer services and maximize the resources devoted to delivering these services.

Tex. Civ. Prac. & Rem. Code § 84.002.

Under the Act, and subject to exceptions, "a volunteer of a charitable organization is immune from civil liability for any act or omission resulting in death, damage, or injury, if the volunteer was acting in the course and scope of the volunteer's duties or functions, including as an officer, director, or trustee within the organization." Tex. Civ. Prac. & Rem. Code § 84.004(a).

The Act defines "charitable organization" to include a homeowners association. Tex. Civ. Prac. & Rem. Code § 84.003(1)(C). Additionally, the Act defines "volunteer" to mean "a person rendering service for or on behalf of a charitable organization who does not receive compensation in excess of reimbursement for expenses incurred." Tex. Civ. Prac. & Rem. Code § 84.003(2). The term includes a person serving as a director. *Id.*

▮ In their motion for summary judgment, the Board members asserted that they were immune from liability under Section 84.004 because they were volunteers rendering services for the Association when the incidents giving rise to appellants' complaint occurred. There is no dispute that the homeowners association, the Landing Council of Co–Owners, qualified as a charitable organization under Section 84.003(1)(C) and that the appellees were volunteers serving either as current or former directors on the Board of the Association. *See* Tex. Civ. Prac. & Rem. Code 84.003(2).

In response to the motion for summary judgment, appellants do not invoke the exception to immunity under Section 84.004(d) by alleging or otherwise arguing that any of the damages appellants seek from the Board members were proximately caused by motor-driven equipment. Rather, appellants assert that the Board members are liable in their individual capacities under Section 84.007(b). This subsection provides the Act "does not limit or modify the duties or liabilities of a member of the board of directions or an officer to the organization or its members and shareholders." Tex. Civ. Prac. & Rem. Code

§ 84.007(b). As an initial matter, this subsection addresses liabilities of directors "to the organization or its members and shareholders." The Board members' liability to the Association is not at issue, and appellants have not brought this as a derivative action on behalf of the Association or as a class action on behalf of all unit owners. Appellants have not shown a fact issue as to any cause of action based on duties and obligations owed by the appellees to appellants or that those duties were breached. As set forth, *supra*, the trial court struck appellants' summary judgment evidence. By not complaining of this ruling, we are precluded from considering arguments on appeal that refers to excluded evidence. *See Inglish*, 928 S.W.2d at 706.

■ To the extent appellants argue that their fiduciary duty claims arise from the "governing documents of the organization" (*i.e.*, the condominium bylaws and declaration) as well as by the common law standard, this argument is misplaced. First, the bylaws and declaration for the Association are not included in the appellate record. "When the summary judgment record is incomplete, the omitted documents are presumed to establish the correctness of the judgment." *Nuszen v. Burton*, 494 S.W.3d 799, 804–05 (Tex. App.–Houston [14th Dist.] 2016, no pet.) (quoting *DeBell v. Tex. Gen. Realty, Inc.*, 609 S.W.2d 892, 893 (Tex. App.–Houston [14th Dist.] 1980, no writ)). Without having the bylaws and declaration for the Association before us, we must presume the omitted documents support the trial court's judgment. *See De-Santis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex. 1990).

Next, appellants' reliance on two cases— *Harris v. Spires Council of Co–Owners*, 981 S.W.2d 892 (Tex. App.–Houston [1st Dist.] 1998, no pet.) and *Sassen v. Tanglegrove Townhouse Condominium Ass'n*, 877 S.W.2d 489 (Tex. App.–Texarkana 1994, writ denied)—to advance a theory of individual liability on the Board members based on a fiduciary duty also is unavailing. In related litigation raising the same arguments as are raised here, the First Court of Appeals rejected this contention and reasoned as follows:

> Neither *Harris* nor *Sassen*, however, involves allegations against the condominium board's members, individually, and neither supports Appellants' argument that all actions of the Board can be attributed to each Board member individually without proof of that member's own actions.

*Wheelbarger*, 471 S.W.3d at 887. We agree with this reasoning. These cases have no bearing on this appeal.

■ The trial court did not err in granting appellees' motion for summary judgment based upon the affirmative defense of immunity under Section 84.004. The summary judgment evidence established that appellees were present or former directors for the Board of the Association, a charitable homeowners association and that appellees were acting on behalf of the Association as to decisions made related to the property. "For immunity purposes, a person is acting within the scope of his authority if he is discharging the duties generally assigned to him even if the specific act is wrong or negligent." *Dowdy v. Overton*, No. 11-96-218–CV, 1997 WL 33804112, at *2 (Tex. App.–Eastland Nov. 6, 1997, no pet.) (not designated for publication) (citing *Medina Cty. Comm'rs Court v. Integrity Group, Inc.*, 944 S.W.2d 6 (Tex. App.–San Antonio 1996, no writ); *Petta v. Rivera*, 923 S.W.2d 678 (Tex. App.–Corpus Christi 1996, writ denied); *Harris Cty. v. Ochoa*, 881 S.W.2d 884 (Tex. App.–Houston [14th Dist.] 1994, writ denied)); *see also City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994). Appellants have failed to demon-

strate that any named Board member took any action that constituted a tort or breach of fiduciary duty or contractual duty. Moreover, appellants have not shown that any named Board member had a duty to act in a certain way, separate from the rest of the Board, but failed to act accordingly. The appellees were entitled to summary judgment as they demonstrated their right to immunity from personal liability under the Texas Charitable Immunity and Liability Act as a matter of law. *See Dowdy*, 1997 WL 33804112, at \*2.

Because the Board members' summary judgment motion and evidence established all elements of their defense of immunity as a matter of law, and because appellants' response and evidence failed to raise a fact issue as to whether immunity applies, the appellants' challenge to the summary judgment in favor or the individual Board members fails.

We overrule appellants' issue, thereby obviating consideration of their additional issues on the entitlement to summary judgment on particular claims.[4]

### III. Conclusion

We affirm the trial court's judgment.

4. The trial court struck the evidence attached to appellants' response to the motion for summary judgment. On appeal, appellants have not attacked the merits of that ruling. Thus, we cannot consider the evidence on appeal. *See Brooks*, 788 S.W.2d at 878. Without it, no fact issue has been raised and summary judgment in favor of appellees must be affirmed.

1. The owners argue that the trial court erred when it granted the motion for various reasons, including that "statutory immunity does not apply to any of the claims made," citing Texas Civil Practice and Remedies Code section 84.007(b). I would broadly construe the owners' issue as a complaint that the evidence supporting the motion was insufficient as a matter of law. *See Margetis v. Frost Nat'l Bank*, No. 02-12-00027-CV, 2012 WL

Martha Hill Jamison, Justice, Concurring

I agree that the trial court's order granting traditional summary judgment against all claims of the individual current and former Board members should be affirmed; however, I disagree that the Board members conclusively established each element of their affirmative defense of immunity under the Texas Charitable Immunity and Liability Act. I would instead conclude that the Board members disproved at least one essential element of each of the owners' causes of action, affirm on that ground, and not reach the issue of the Board members' affirmative defense of immunity.[1]

The Board members attached to their motion as summary judgment evidence eight pages from the deposition of April Brown.[2] The motion also contained a vague reference to an affidavit identified only as "affidavit of Tom Jenkins already on file before this Court."[3] Although it may be possible under certain circumstances to incorporate previously filed evidence into a motion for summary judgment, I would conclude that this vague reference to an unknown document does not suffice. *See*

4936611, at \*2 (Tex. App.–Fort Worth Oct. 18, 2012, no pet.). Because I conclude that, as to the Board members' affirmative defense, the motion was insufficient as a matter of law, I would not reach the owners' argument under 84.007(b).

2. Although the deposition testimony is not clear, April Brown seems to claim that her allegations against the Board members arise from certain decisions made by the Board.

3. In their motion, immediately after mentioning the Jenkins' affidavit, the Board members requested the trial court take "judicial notice of those pleadings." The motion, however, does not identify what "pleadings" are being referenced or how they relate, if at all, to Jenkins' affidavit.

generally *Rogers v. RREF II CB Acquisitions, LLC*, No. 13–15–00321–CV, ––– S.W.3d –––, –––, 2016 WL 6804451, at *7 (Tex. App.–Corpus Christi Nov. 17, 2016, no pet.) (citing *Ramirez v. Colonial Freight Warehouse Co.*, 434 S.W.3d 244, 252 (Tex. App.–Houston [1st Dist.] 2014, pet. denied), and *Steinkamp v. Caremark*, 3 S.W.3d 191, 194 (Tex. App.–El Paso 1999, pet. denied)).

To establish their affirmative defense of immunity under the Act, the Board members were required to conclusively prove that each was a volunteer, the Association was a qualified organization as defined by the Act,[4] and their actions were in the course and scope of their duties and functions.[5] *See* Tex. Civ. Prac. & Rem. Code §§ 84.003(1)(C), (2), 84.004(a). Although the majority concludes that there is no dispute that the Association qualified as a charitable organization under the Act and that the Board members were volunteers, I disagree that the Board members brought forth summary judgment evidence conclusively establishing these facts.

We review a trial court's decision to grant a traditional motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Only if a movant's motion and summary judgment proof facially establish its right to judgment as a matter of law will the burden shift to the non-movant to raise a material fact issue sufficient to defeat summary judgment. *Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 41–42 (Tex. App.–Houston [14th Dist.] 2000, pet. denied) (citing *HBO, A Div. of Time Warner Entm't Co. v. Harrison*, 983 S.W.2d 31, 35 (Tex. App.–Houston [14th Dist.] 1998, no pet.)). If the movant fails to prove as a matter of law each essential element of the asserted affirmative defense, summary judgment is improper. *Rodriguez v. Lockhart Contracting Servs., Inc.*, 499 S.W.3d 48, 53 (Tex. App.–San Antonio 2016, no pet.). A plaintiff need not even file a response to a defendant's motion for summary judgment if the defendant does not meet his or her burden. *E.g., Grynberg v. Grey Wolf Drilling Co.*, 296 S.W.3d 132, 136–37 & n.13 (Tex. App.–Houston [14th Dist.] 2009, no pet.).

The Board members provided definitions for the elements of their affirmative defense in their motion; however, it is well settled that neither the motion for summary judgment, nor the response, even if sworn, is ever proper summary judgment proof. *See Quanaim*, 17 S.W.3d at 42. Even if it were proper summary judgment evidence, the motion provides insufficient facts to establish the elements.

Although I disagree with the majority's conclusion that the Board members conclusively proved their immunity under the Act, I would nonetheless affirm the trial court's summary judgment based on the ground that as a matter of law, the owners cannot establish any of their claims supporting personal liability against the Board members individually. For these reasons, I respectfully concur.

---

4. The majority outlines the definitions from the Act relevant to the first two elements. *Maj. Op.* at 447–48.

5. April Brown's deposition testimony was germane to the third element.