

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00362-CV

_____

YEIMI FERNANDEZ, AS MOTHER AND GUARDIAN
OF J.J.M., A MINOR CHILD, APPELLANT

V.

HEARTLAND CO-OP, CORP., APPELLEE

On Appeal from the 287th District Court
Parmer County, Texas
Trial Court No. 11668, Honorable Kathryn H. Gurley, Presiding

January 6, 2026

MEMORANDUM OPINION

Before PARKER and DOSS and YARBOROUGH, JJ.

Yeimi Fernandez, as mother and guardian of J.J.M., appeals the trial court's judgment granting no-evidence summary judgment in favor of Heartland Co-op, Corp., and order denying Fernandez's motion for new trial. We affirm the judgment and order of the trial court.

## BACKGROUND

This case involves Fernandez's claims against Heartland for gross negligence and wrongful death arising out of the on-the-job death of Michael Molden. Molden worked for Heartland as a grain bin cleaner in Bovina, Texas. On September 7, 2021, Molden entered a running grain bin to recover a grain vac hose and was engulfed by corn causing his death.

Fernandez, the mother of Molden's child, brought suit against Heartland seeking exemplary damages pursuant to Texas Labor Code section 408.001(b). Heartland filed a no-evidence motion for summary judgment. Fernandez responded and attached evidence. During a hearing on the motion, the trial court granted Heartland's objections to some of the evidence submitted by Fernandez. Following the hearing, the trial court granted Heartland's motion and entered final judgment. Fernandez subsequently filed a motion for new trial that included a claim that she had newly discovered evidence that justified a new trial. During the hearing on Fernandez's motion, Heartland objected to the newly discovered evidence and the trial court sustained Heartland's objection. After the hearing, the trial court overruled Fernandez's motion for new trial. Fernandez timely appealed the summary judgment and the denial of her motion for new trial.

## STANDARD OF REVIEW

We employ a de novo review of a trial court's ruling on a motion for summary judgment. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A no-evidence summary judgment motion is essentially a motion for a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006). We review the entire

2

record in the light most favorable to the party against whom the no-evidence summary judgment was rendered and we indulge every reasonable inference and resolve any doubts against the motion. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). To prevail on a defensive no-evidence motion for summary judgment, the movant must prove that there is no evidence of at least one essential element of each of the plaintiff's causes of action. *Pena v. Harp Holdings, LLC*, No. 07-20-00131-CV, 2021 Tex. App. LEXIS 7685, at *8–9 (Tex. App.—Amarillo Sept. 16, 2021, no pet.) (mem. op.). If the party against whom the summary judgment was rendered brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, a no-evidence summary judgment motion cannot properly be granted. *Id*. at *9.

Applying the traditional legal sufficiency standard of review, a no-evidence point will be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *McAllen Hosps., L.P. v. Lopez*, 576 S.W.3d 389, 392 (Tex. 2019). When a movant files a proper no-evidence summary judgment motion, the burden shifts to the nonmovant to defeat the motion by presenting at least a scintilla of probative evidence raising a genuine issue of material fact as to each element challenged in the no-evidence motion. *Pena*, 2021 Tex. App. LEXIS 7685, at *9.

Because the order granting Heartland summary judgment did not specify the grounds on which the trial court relied, we must affirm the judgment if any of the grounds

3

asserted are meritorious.  *Inwood Nat'l Bank v. Fagin*, 706 S.W.3d 342, 346 (Tex. 2025) (per curiam).

**APPLICABLE LAW**

There is no dispute that Heartland was, at all relevant times, a subscriber under the Texas Workers' Compensation Act.  It is also undisputed that Molden was an employee of Heartland at the time of his death and that his death occurred in the course and scope of his employment.  Consequently, the exclusive remedy provision contained in the Texas Labor Code applies to this suit.  TEX. LABOR CODE § 408.001(a).  Under that provision, to prevail in a wrongful death suit against an employer who subscribes to workers' compensation insurance, the legal representative of a deceased employee must prove the employer was grossly negligent in causing the employee's death.  *Id*. § 408.001(b).

The test for gross negligence contains two components, one objective and one subjective.  *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001).  Gross negligence means an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

TEX. CIV. PRAC. & REM. CODE § 41.001(11).  In evaluating the sufficiency of the evidence to establish gross negligence pursuant to this standard, circumstantial evidence is sufficient to prove either component.  *Lee Lewis Constr.*, 70 S.W.3d at 785.  However, it

is important to note that these requirements are not satisfied through proof of ordinary negligence or even bad faith. TEX. CIV. PRAC. & REM. CODE § 41.003(b); *Agrium U.S., Inc. v. Clark*, 179 S.W.3d 765, 767 (Tex. App.—Amarillo 2005, pet. denied).

Additionally, Heartland will only be liable for exemplary or punitive damages because of the actions of its employee if: (1) the principal authorized the doing and the manner of the act, or (2) the agent was unfit and the principal was reckless in employing him, or (3) the agent was employed in a managerial capacity and was acting in the scope of employment, or (4) the employer or a manager of the employer ratified or approved the act. *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 630 (Tex. 1967).

**ANALYSIS**

Fernandez presents one issue: the trial court erred in granting Heartland's no-evidence summary judgment motion. However, she argues both that the trial court erred in granting summary judgment and in denying her motion for new trial. Liberally construing her pleadings, as we must, we will address both arguments. TEX. R. APP. P. 38.1(f); *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam).

### No-Evidence Summary Judgment

Fernandez does not challenge the trial court's rulings sustaining objections to portions of her summary judgment evidence. Consequently, our review will only consider that evidence which was properly before the trial court at the time it granted Heartland summary judgment. *Wieler v. United Sav. Ass'n*, 887 S.W.2d 155, 157 (Tex. App.—Texarkana 1994, writ denied). Based on this evidence, we must render the judgment that should have been granted by the trial court. *Id.* Specifically, the trial court sustained

5

objections to a group of employee interviews[1] and evidence relating to the OSHA investigation into Molden's death. Fernandez does not challenge these rulings so we will not consider this evidence in our review of the trial court's ruling. *Brown v. Hensley*, 515 S.W.3d 442, 446 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("In reviewing whether a summary judgment was properly granted, we are precluded from considering arguments on appeal that refer to evidence the trial court has excluded, unless the appealing party also challenges the ruling that excluded that evidence."). The properly considered evidence consists of OSHA guidelines and Heartland policies regarding grain bin cleaning, the police report of the incident with pictures, and a transcript of the deposition of Bill Chizek. Notably, none of this evidence is from any direct eyewitnesses to the incident resulting in Molden's death.

Fernandez contends that both OSHA guidelines and Heartland policies require Heartland to employ safety measures before an employee may enter a grain bin and that safety equipment was not properly utilized by Molden when he entered the grain bin. However, the evidence before the trial court establishes, as a matter of law, that Heartland had policies in place to protect employees who might enter into a grain bin but that Molden failed to follow these policies before entering the grain bin. There is no evidence that Molden obtained a required grain bin entry permit before entering the bin. The evidence establishes that Molden entered the grain bin without utilizing safety equipment. Further, Molden entered the grain bin without ensuring that the bin was stopped and the auger was locked out as is required by Heartland policy. There is record evidence that Molden had been trained on Heartland policies regarding entry into a grain bin. In his deposition,

---

[1] Notably, these employee interviews are not part of the appellate record.

6

Bill Chizek, the executive vice president of Heartland, testified that Molden was not authorized to enter the grain bin when he did. There is no evidence that anyone in a managerial position directed Molden to enter the grain bin. Thus, there is no evidence that Heartland violated any duty to Molden when Molden made the unilateral decision to enter the grain bin in violation of Heartland policy.

Fernandez also contends that Heartland was grossly negligent because other members of Molden's crew were not properly trained in emergency and rescue operations and there was no cellular phone service at the bin. However, neither of these claims is supported by the evidence that was before the trial court when it granted Heartland's no-evidence summary judgment motion.

Considering all of the evidence properly before the trial court, there is no genuine issue of material fact regarding whether Heartland acted with subjective or objective indifference to Molden's safety when Molden entered the grain bin and was killed. Thus, we conclude that the trial court did not err in granting Heartland's no-evidence summary judgment motion.

**Motion for New Trial**

Fernandez contends that the trial court erred in denying her motion for new trial because newly discovered evidence raised a genuine issue of material fact. Fernandez's entire argument relating to the denial of her motion for new trial is premised on her contention that the newly discovered evidence of Sergio Soto's translated statement requires a new trial.

When Fernandez offered Soto's translated statement, Heartland objected on the basis that it was hearsay and that it was not sworn to by either Soto or the translator. The trial court sustained Heartland's objections and, as with the summary judgment motion, Fernandez does not challenge the propriety of this ruling by her appeal. Rather, her argument attempts only to establish that Soto's statement constitutes newly discovered evidence. Because Fernandez does not challenge the trial court's exclusion of Soto's statement, she has waived any error in the trial court's ruling and that ruling is not properly before this Court. *See Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 n.1 (Tex. 2001) (unbriefed issue is not before a reviewing court).

Because Fernandez failed to challenge the trial court's ruling excluding the claimed newly discovered evidence upon which Fernandez premises her claim that the trial court erred in denying her motion for new trial, we cannot review this evidence to determine whether it would justify a new trial. Consequently, we must affirm the trial court's ruling denying the new trial motion.

## CONCLUSION

Concluding that the trial court did not err in granting Heartland's no-evidence summary judgment motion or denying Fernandez's new trial motion, we overrule Fernandez's sole issue and affirm the judgment of the trial court.

Judy C. Parker
Justice

8